**BURKHARDT v. CRUCIBLE STEEL CO.**

Civ. A. No. 8320.

District Court, D. New Jersey.

Sept. 5, 1946.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., for plaintiff.

Edward R. McGlynn, and Joseph Weintraub, both of Newark, N. J., for defendant.

HOLLAND, District Judge.

This petitioner at the time of his induction into the United States Navy was a foreman in a machine repair department of the respondent's industrial establishment. The petitioner has obtained employment of a permanent nature in another line of work, and he no longer desires to return to the employ of the respondent. The controversy in this case hinges around what took place in the conversations between the petitioner and the respondent's representatives when the matter of his reinstatement was being discussed. I find that petitioner's nonacceptance of a position which was tendered to him by respondent was of an unfortunate nature growing out of the failure to reach mutual understanding on which re-instatement of employment would be established. I find that the petitioner was in good faith in refusing to take the position which was tendered him, and I find that the respondent's agent was in good faith in his discussion of the matter with petitioner. Petitioner was on a salary basis at the time of his induction. The salaried position was not in existence when the petitioner returned from the Armed Forces, and in connection with the tender of the non-salaried position to petitioner, the respondent corporation through its agent was desirous of having petitioner fully acknowledge that the respondent was performing its full duty toward the petitioner in tendering to him

this nonsalaried position, but petitioner was fearful that the character of waiver which was required of petitioner would interfere with his rights as a returned Veteran. I find that this failure to realize all of the factors incident to the situation must be resolved in favor of the petitioner.

I find that contrary to the first separate defense, in that I find that petitioner was employed in a position other than a temporary position. As to the second separate defense, I find that notwithstanding a great decrease in work both in character and amount, the respondent's circumstances had not so changed as to make it impossible or unreasonable to re-employ the petitioner. As to the third separate defense I find with the petitioner as to lost earnings prior to June 1, 1946. As to the fourth and fifth separate defenses I find that petitioner is not barred from maintaining this action either because of alleged delay or lack of jurisdiction.